09-2524- cr
*USA v. Harris*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of July, two thousand ten.

PRESENT:

JOSEPH M. McLAUGHLIN,
GUIDO CALABRESI,
DEBRA ANN LIVINGSTON
          *Circuit Judges*.

----

UNITED STATES OF AMERICA,
        *Appellee*,

   -v.-                               No. 09-2524-cr

DARRYL HARRIS
        *Defendant-Appellant*.

----

        Anna M. Skotko (Jesse M. Furman, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

        Larry Sheehan, Bronx, NY, *for Defendant-Appellant*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Defendant-appellant Harris appeals from a judgment, entered June 12, 2009, of the United States District Court for the Southern District of New York (Karas, *J.*), sentencing him to 262 months of imprisonment and five years of supervised release. He argues that the evidence was insufficient to convict him on charges related to an armed bank robbery, that the sentence given was erroneous because his case warranted a downward departure, and that the sentence given violated the Eighth Amendment prohibition on cruel and unusual punishment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

We review a challenge to the sufficiency of the evidence underlying a criminal conviction "in the light most favorable to the government, drawing all reasonable inferences in its favor." *United States v. Mercado*, 573 F.3d 138, 140 (2d Cir. 2009) (quoting *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004)) (internal quotation mark omitted). The conviction may be reversed only if no rational factfinder could have found guilt beyond a reasonable doubt. *Id.* Given this standard, we find no merit to Harris's sufficiency argument, which rests on assertions that his accomplice, Christina Davis, was not a credible witness for the government. This Court does not "attempt to second-guess a jury's credibility determination" when reviewing a defendant's conviction. *United States v. Thompson*, 528 F.3d 110, 119 (2d Cir. 2008) (quoting *United States v. Florez*, 447 F.3d 145, 156 (2d Cir. 2006)) (internal quotation mark omitted). Moreover, although Davis was admittedly a government cooperator, her testimony was corroborated by physical, video, and forensic evidence, as well as eyewitness testimony by bank employees and the testimony of a second co-conspirator.

This Court may not review a refusal by the district court to downwardly depart from a sentence prescribed by the Sentencing Guidelines unless the court "misapprehended the scope of

its authority to depart or the sentence was otherwise illegal." *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005). To the extent that Harris's arguments are directed solely at the district court's decision that no departure was warranted, therefore, we have no authority to examine them. Nor does it appear from the sentencing transcript that the district court judge misunderstood his ability to depart from the Guidelines prescription. We therefore turn to Harris's remaining argument: that his sentence violates the Eighth Amendment. To violate the Eighth Amendment, a sentence must be grossly disproportionate to the crime. *See United States v. Yousef*, 327 F.3d 56, 163 (2d Cir. 2003). Although Harris's sentence of 262 months is severe, it is not grossly disproportionate to the seriousness of an armed bank robbery. So far as Harris contends that the sentence was substantively unreasonable, moreover, we disagree.

All arguments not otherwise discussed in this summary order are found to be moot or without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3